Ryan P. Mulvaney (NJ Atty # 037442002)
STEVENS & LEE, P.C.
669 River Drive Suite 201
Elmwood Park, New Jersey 07407
Tel.: (201) 857-6760
Fax: (201) 857-6761
*Attorney for Defendant/Counterclaim-Plaintiff,*
*Mitsubishi Motors North America, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALIBA INVESTMENT LLC d/b/a J&S MITSUBISHI,<br><br>　　　　Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>MITSUBISHI MOTORS NORTH AMERICA, INC.,<br><br>　　　　Defendant/Counterclaim-Plaintiff. | Civil Action No.<br><br>**ANSWER AND COUNTERCLAIMS OF MITSUBISHI MOTORS NORTH AMERICA, INC.** |

Defendant/counterclaim-plaintiff, Mitsubishi Motors North America, Inc. ("MMNA"), by and through its attorneys, hereby submits its Answer and Counterclaims to the Complaint filed by Plaintiff/counterclaim-defendant, Saliba Investment LLC d/b/a J&S Mitsubishi ("J&S").

### ANSWER

### Introduction

1.　MMNA admits J&S is asserting claims against MMNA. Except as so admitted, MMNA denies the allegations of this Paragraph.

### The Parties

2.　Admitted.

4902-8473-9238 v.2

3.     MMNA admits J&S was an authorized Mitsubishi motor vehicle dealer pursuant to Mitsubishi Dealer Sales and Service Agreement dated January 16, 2024. Except as so admitted, MMNA denies the allegations of this Paragraph.

4.     Admitted.

### Facts Common To All Counts

5.     MMNA admits J&S is asserting claims against MMNA. Except as so admitted, MMNA denies the allegations of this Paragraph.

6.     MMNA admits the allegations of this Paragraph characterize New Jersey law. Except as so admitted, MMNA denies the allegations of this Paragraph.

7.     MMNA admits the allegations of this Paragraph selectively cite New Jersey law. Except as so admitted, MMNA denies the allegations of this Paragraph.

8.     MMNA admits the allegations of this Paragraph selectively quotes New Jersey law. Except as so admitted, MMNA denies the allegations of this Paragraph.

9.     Denied.

10.     MMNA admits it is the sole authorized distributor of new Mitsubishi motor vehicles and related parts and accessories in the United States and that MMNA sells and distributes such products through a network of authorized Mitsubishi dealers in the United States under the terms of the Dealer Agreement between MMNA and each authorized Mitsubishi dealer. Except as so admitted, MMNA denies the allegations of this Paragraph.

11.     Denied.

12.     MMNA admits it is the sole authorized distributor of new Mitsubishi motor vehicles and related parts and accessories in the United States and that MMNA sells and distributes such products through a network of authorized Mitsubishi dealers in the United States under the

2

terms of the Dealer Agreement between MMNA and each authorized Mitsubishi dealer. Except as so admitted, MMNA denies the allegations of this Paragraph.

13.    MMNA admits it is the sole authorized distributor of new Mitsubishi motor vehicles and related parts and accessories in the United States and that MMNA sells and distributes such products through a network of authorized Mitsubishi dealers in the United States under the terms of the Dealer Agreement between MMNA and each authorized Mitsubishi dealer. Except as so admitted, MMNA denies the allegations of this Paragraph.

14.    Denied.

15.    Admitted.

16.    MMNA admits it sent J&S a Notice of Termination dated January 14, 2026 (the "NOT") and a copy of the NOT is attached to the Complaint as Exhibit A. Except as so admitted, MMNA denies the allegations of this Paragraph.

17.    MMNA admits it sent J&S a Notice of Termination dated January 14, 2026 and that J&S's Mitsubishi dealership was located in Ewing, New Jersey. Except as so admitted, MMNA denies the allegations of this Paragraph.

18.    MMNA admits it sent J&S a Notice of Default dated January 21, 2026 (the "NOD") and a copy of the NOD is attached to the Complaint as Exhibit B. Except as so admitted, MMNA denies the allegations of this Paragraph.

19.    MMNA admits a J&S employee sent MMNA an email on January 15, 2026. Except as so admitted, MMNA denies the allegations of this Paragraph.

20.    MMNA admits J&S's Dealer Agreement was terminated effective March 18, 2026 and it sent J&S a letter dated March 23, 2026 setting forth MMNA's Termination Repurchase Policy and Procedures. Except as so admitted, MMNA denies the allegations of this Paragraph.

3

21.     MMNA admits J&S asserted claims against MMNA.  Except as so admitted, MMNA denies the allegations of this Paragraph.

### The Dealer Agreement

22.     Denied.

23.     MMNA admits J&S was a party to a Dealer Agreement between J&S and MMNA pursuant to which J&S was an authorized Mitsubishi dealer.  Except as so admitted, MMNA denies the allegations of this Paragraph.

### January 14, 2026 Notice of Termination

24.     MMNA admits it sent J&S a Notice of Termination dated January 14, 2026. Except as so admitted, MMNA denies the allegations of this Paragraph.

25.     MMNA admits it sent J&S a Notice of Termination dated January 14, 2026. Except as so admitted, MMNA denies the allegations of this Paragraph.

26.     MMNA admits it sent J&S a Notice of Termination dated January 14, 2026. Except as so admitted, MMNA denies the allegations of this Paragraph.

27.     Denied.

28.     MMNA admits a J&S employee sent MMNA an email on January 15, 2026. Except as so admitted, MMNA denies the allegations of this Paragraph.

29.     MMNA admits a J&S employee sent MMNA an email on January 15, 2026. Except as so admitted, MMNA denies the allegations of this Paragraph.

30.     MMNA admits it did not withdraw, modify or stay the Notice of Termination it sent to J&S.  Except as so admitted, MMNA denies the allegations of this Paragraph.

4

4902-8473-9238 v.2

## The Contradictory January 21, 2026 Notice of Material Breach

31.    MMNA admits it sent J&S a Notice of Default dated January 21, 2026.  Except as so admitted, MMNA denies the allegations of this Paragraph.

32.    MMNA admits it sent J&S a Notice of Default dated January 21, 2026.  Except as so admitted, MMNA denies the allegations of this Paragraph.

33.    MMNA admits it sent J&S a Notice of Default dated January 21, 2026.  Except as so admitted, MMNA denies the allegations of this Paragraph.

34.    MMNA admits it sent J&S a Notice of Default dated January 21, 2026.  Except as so admitted, MMNA denies the allegations of this Paragraph.

35.    Denied.

## Plaintiff's Failure to Protest

36.    MMNA admits J&S did not file a protest to the Notice of Termination within the time periods in the Notice of Termination or under N.J. Stat. Ann. § 56:10-5.  Except as so admitted, MMNA denies the allegations of this Paragraph.

37.    Denied.

## COUNT I
### (Violation of N.J.S.A. § 56:10-5 –Termination Without Good Cause)

38.    MMNA restates and reasserts its responses to the previous numbered paragraphs as if fully set forth herein.

39.    MMNA admits it sent J&S a Notice of Termination dated January 14, 2026 (the "NOT") and a copy of the NOT is attached to the Complaint as Exhibit A.  Except as so admitted, MMNA denies the allegations of this Paragraph.

40.    MMNA admits the allegations of this Paragraph selectively cite New Jersey law.  Except as so admitted, MMNA denies the allegations of this Paragraph.

5

4902-8473-9238 v.2

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     MMNA admits the allegations of this Paragraph selectively cite New Jersey law. Except as so admitted, MMNA denies the allegations of this Paragraph.

48.     Denied.

49.     Denied.

## COUNT II
### (Tortious Interference With Prospective Economic Advantage)

50.     MMNA restates and reasserts its responses to the previous numbered paragraphs as if fully set forth herein.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

## COUNT III
### (Breach of the Covenant of Good Faith and Fair Dealing)

56.     MMNA restates and reasserts its responses to the previous numbered paragraphs as if fully set forth herein.

57.     Denied.

4902-8473-9238 v.2

58.    MMNA admits the allegations of this Paragraph characterize New Jersey law. Except as so admitted, MMNA denies the allegations of this Paragraph.

59.    Denied.

60.    MMNA admits the allegations of this Paragraph selectively cite New Jersey law. Except as so admitted, MMNA denies the allegations of this Paragraph.

61.    Denied.

62.    Denied.

## COUNT IV
## (Breach of Contract)

63.    MMNA restates and reasserts its responses to the previous numbered paragraphs as if fully set forth herein.

64.    MMNA admits J&S was a party to a Dealer Agreement between J&S and MMNA pursuant to which J&S was an authorized Mitsubishi dealer.  Except as so admitted, MMNA denies the allegations of this Paragraph.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

## COUNT V
## (Negligent Misrepresentation)

70.    MMNA restates and reasserts its responses to the previous numbered paragraphs as if fully set forth herein.

71.    Denied.

7

72. Denied.

## COUNT VI
### (Equitable Estoppel and Waiver)

73. MMNA restates and reasserts its responses to the previous numbered paragraphs as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT VII
### (Violation of the New Jersey Franchise Practices Act N.J.S.A. § 56:10-5– Defective Notice of Termination)

78. MMNA restates and reasserts its responses to the previous numbered paragraphs as if fully set forth herein.

79. MMNA admits the allegations of this Paragraph selectively cite New Jersey law. Except as so admitted, MMNA denies the allegations of this Paragraph.

80. Denied.

81. Denied.

## COUNT VIII
### (Declaratory Judgment)

82. MMNA restates and reasserts its responses to the previous numbered paragraphs as if fully set forth herein.

83. Denied.

84. MMNA admits J&S seeks a declaratory judgment in this action. Except as so admitted, MMNA denies the allegations of this Paragraph.

8

4902-8473-9238 v.2

## MMNA'S AFFIRMATIVE AND OTHER DEFENSES

### First Defense

J&S fails to state a claim upon which relief can be granted.

### Second Defense

J&S's claims are barred, in whole or in part, because J&S did not file a protest or objection to the Notice of Termination within the time periods in the Notice of Termination or under N.J. Stat. Ann. § 56:10-5.

### Third Defense

J&S's claims are barred, in whole or in part, because J&S was no longer a dealer at the time it filed this action and therefore lacks standing to assert claims against MMNA for violation of N.J.S.A. § 56:10-5.

### Fourth Defense

J&S's claims are barred, in whole or in part, by waiver or estoppel.

### Fifth Defense

J&S's claims are barred, in whole or in part, because MMNA acted in good faith, with good cause, and within its contractual rights under the applicable agreements.

### Sixth Defense

J&S's claims are barred because MMNA's termination of the Dealer Agreement was fair, was permitted by the Dealer Agreement, was made in good faith and for good cause, and is not prohibited by New Jersey law.

\*     \*     \*     \*

WHEREFORE, MMNA respectfully requests the Court (1) deny the relief requested in the Complaint; (2) dismiss the Complaint with prejudice; (3) issue an order that MMNA's termination

9

4902-8473-9238 v.2

of the Dealer Agreement was valid, enforceable, and not prohibited by New Jersey law; and (4) grant such other relief to which MNA may be entitled.

## COUNTERCLAIMS

### Nature of the Action

1.      Plaintiff/counterclaim-defendant, Saliba Investment, LLC d/b/a J&S Mitsubishi ("J&S"), was an authorized Mitsubishi dealer operating pursuant to a Mitsubishi Dealer Sales and Service Agreement dated January 16, 2024 (the "Dealer Agreement") between MMNA and J&S. Following certain breaches of the Dealer Agreement by J&S, MMNA exercised its right to terminate the Dealer Agreement with an effective date of March 18, 2026.

2.      Despite this termination, J&S, including its sales and service departments, wrongly continues to represent to the public that it is an authorized Mitsubishi dealer, and it falsely holds itself out as an authorized Mitsubishi warranty service outlet to customers.

3.      J&S's conduct violates MMNA's long-standing intellectual property rights and misleads the public into believing that J&S is authorized as a Mitsubishi dealer to sell and perform warranty and recall services on Mitsubishi vehicles, when it is not in fact authorized to do so, to the detriment of consumers.

4.      The Dealer Agreement authorized J&S to operate a Mitsubishi dealership at 1721 N. Olden Ave., Ewing, New Jersey (the "Former Dealership Location") and to use certain Mitsubishi trade names, trademarks, and trade dress exclusively at that location. But the Dealer Agreement is now terminated, and J&S is no longer an authorized Mitsubishi dealer.

5.      Notwithstanding the lack of any authority or right to use Mitsubishi trade names, trademarks, and trade dress, J&S falsely, willfully, and intentionally holds itself out to the public as a Mitsubishi dealership. In so doing, J&S engages in unfair competition by deceptively

10

communicating to consumers that MMNA has authorized and approved J&S's activities at the Former Dealership Location, when in fact MMNA has not.

6. MMNA is being irreparably and immediately harmed by what appears to the public to be an authorized Mitsubishi dealership but which, in fact, is wholly unauthorized by MMNA. J&S must stop representing that it remains an authorized Mitsubishi dealer and stop using Mitsubishi trade names, trademarks, and trade dress. MMNA seeks preliminary and permanent injunctive relief to prevent further and ongoing irreparable harm, including to New Jersey consumers.

## Parties

7. MMNA is a California corporation with its principal place of business at 4031 Aspen Grove Drive, Suite 650 in Franklin, Tennessee.

8. J&S is a New Jersey limited liability company with its principal place of business in Ewing, New Jersey. George Saliba and Jean Saliba are the individual members of J&S and, upon information and belief, are domiciled in New Jersey.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over MMNA's counterclaims pursuant to 28 U.S.C. § 1332 because J&S is a citizen of New Jersey, MMNA is a citizen of California and Tennessee, and the matters in controversy exceed the sum of $75,000, exclusive of interest and costs.

10. This Court also has subject matter jurisdiction over this action pursuant to: (i) 15 U.S.C. §§ 1121 and 1125(a)(1), and 28 U.S.C. §§ 1331 and 1338, as an action for violations of the Lanham Act; (ii) pursuant to 28 U.S.C. § 2201 because it involves a request for declaratory

11

judgment in a case of actual controversy and is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure to determine the respective rights and liabilities of the parties.

11.    This Court has supplemental jurisdiction over MMNA's counterclaims arising under common law or state law pursuant to 28 U.S.C. § 1367(a) because the claims are so related to MMNA's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## Factual Allegations

**A.    MMNA Distributes Mitsubishi Motor Vehicle, Parts, And Accessories Through Authorized Dealers In The United States.**

13.    MMNA is a well-known corporation that has operated in the United States since approximately 1981.  MMNA distributes Mitsubishi brand motor vehicles, parts, and accessories through a network of authorized retail dealers in the United States.  These dealers, in turn, sell Mitsubishi products to consumers in their areas.

14.    MMNA is a licensee of Mitsubishi Jukogyo Kabushiki Kaisha (with the right to sue) of certain trademarks that it, in turn, authorizes dealers of Mitsubishi vehicles to use such trademarks across the country in connection with the sale, offering for sale, distribution, and advertising of motor vehicles, parts, and accessories in the United States. These trademarks include the word mark MITSUBISHI (the "MITSUBISHI Mark"), subject of U.S. Trademark Reg. No. 0844427, and the famous three-diamond logo design mark, subject of U.S. Trademark Reg. No. 0931665 (the "Three-Diamond Logo"). The MITSUBISHI Mark and Three-Diamond Logo are collectively referred to herein as the "Mitsubishi Marks."

12

4902-8473-9238 v.2

15. MMNA authorizes dealers, including in New Jersey, to operate dealerships to sell and provide services relating to, among other products, Mitsubishi brand motor vehicles, parts, and accessories, and to provide warranty service in connection with the limited warranty offered by MMNA on all new Mitsubishi vehicles sold in the United States, pursuant to Mitsubishi Dealer Sales and Service Agreements.

16. As part of these agreements, MMNA authorizes dealers to use Mitsubishi trade names, trademarks, and trade dress, including the Mitsubishi Marks, by authorizing dealers to include portions of MMNA's corporate name such as "Mitsubishi" and "Mitsubishi Motors" into the trade name used by the dealer to operate its dealership.

**B.    MMNA and J&S Enter Into A Series Of Mitsubishi Dealer Sales And Service Agreements, Including The Most Recent Agreement In December 2024.**

17. Beginning in or around 2016, MMNA and J&S entered into a series of Mitsubishi Dealer Sales and Service Agreements, each typically for a three-year term. On January 16, 2024, MMNA and J&S entered into the current Mitsubishi Dealer Sales and Service Agreement. (the "Dealer Agreement"), which is the operative agreement to this dispute.

18. The Dealer Agreement authorized Dealer to operate a car dealership selling and servicing certain Mitsubishi motor vehicles and related parts, accessories, and options at a dealership located at 1721 N. Olden Ave, Ewing, NJ 08638 (the "Former Dealership Location").

19. Section 8 of the Dealer Agreement provided that J&S "agrees to be bound by and comply with each and every term" of the Dealer Agreement, as well as, among other things, the Mitsubishi Dealer Sales and Service Agreement Standard Provisions (the "Standard Provisions"), which are incorporated by reference into the Dealer Agreement.

20. Among other things, the Standard Provisions define certain terms in the Dealer Agreement. These defined terms include "MMNA Trademarks," which is defined in Section

13

II.E of the Standard Provisions as "the trademarks, service marks, design marks and trade names which are used by MMNA in connection with MMNA Products, including, without limitation, the names 'Mitsubishi' and 'MMNA,' and the Mitsubishi three-diamond logo."

21.    In Section IX of the Standard Provisions, J&S acknowledged that "MMNA is the exclusive owner of, or is authorized to use and to permit [J&S] and others to use, the MMNA Trademarks." Section IX further provides that "[d]uring the term of this Agreement, [J&S] is granted a nonexclusive privilege of displaying and otherwise using the MMNA Trademarks in connection with and for the purpose of identifying, advertising, and selling MMNA Products; provided, however, that [J&S] shall promptly discontinue the display and use of any such MMNA Trademarks . . . whenever requested to do so by MMNA."

22.    Section IX of the Standard Provisions further provides that "[i]f [J&S] uses the words 'Mitsubishi Motors' as part of its trade name, upon the request of MMNA or upon termination of *this Agreement* for any reason whatsoever, [J&S] shall cease to use the words 'Mitsubishi Motors' in its trade name and shall take or cause to be taken all steps to eliminate such words therefrom.  [J&S] will do nothing to impair the value of, or contest the right of MMNA to the exclusive use of any trademark, design mark, service mark, or trade name acquired, claimed, used or adopted by MMNA."

23.    Section X.F of the Standard Provisions provides that upon expiration or termination of the Dealer Agreement, J&S agreed it would immediately:

1.    Discontinue the use of the words 'Mitsubishi,' 'MMNA' and all other MMNA Trademarks, or any semblance of any of the foregoing, including without limitation, the use of all stationary and other printed material referring in any way to Mitsubishi, MMNA or *MMC*, any other manufacturer of MMNA Products, or bearing any MMNA Trademarks; and

2.    Discontinue any use of the words 'Mitsubishi,' 'MMNA' or other MMNA Trademarks, or any semblance of any of the foregoing, as part of its trade

14

name, and file a change or discontinuance of such name with appropriate authorities; and

3.  Remove all product signs bearing any MMNA Trademarks from all Dealership Location at Dealer's sole cost and expense;

4.  Not represent itself as an Authorized MMNA Dealer; and

5.  Refrain from any action, including, without limitation, any advertising stating or implying that it is authorized to sell or distribute MMNA Products.

24.  MMNA performed all of its obligations under the Dealer Agreement, including the obligations set forth in the Standard Provisions.

**C.  MMNA Terminates the Dealer Agreement After J&S Receives Notice Of And Fails To Cure Multiple Material Breaches Of That Agreement.**

25.  During the term of the Dealer Agreement, J&S repeatedly failed to comply with material obligations, including but not limited to required dealer training, minimum inventory requirements for Outlander PHEV vehicles, and minimum staffing requirements within its service department.

26.  On August 5, 2025, MMNA issued J&S a written Notice of Default advising J&S of multiple material breaches of the Dealer Agreement and demanding that J&S cure those defaults within the time permitted under the agreement and applicable law.

27.  On October 20, 2025, MMNA issued J&S a second written Notice of Default advising J&S of multiple material breaches of the Dealer Agreement and demanding that J&S cure those defaults within the time permitted under the agreement and applicable law.

28.  By letter dated January 14, 2026, MMNA issued a 60-day Notice of Termination informing J&S of MMNA's intent to exercise its right to terminate the Dealer Agreement based on J&S's repeated failure to require personnel to attend and complete required training; failure

15

4902-8473-9238 v.2

to maintain a minimum inventory of Outlander PHEV vehicles for sales to retail customers; and failure to comply with minimum staffing requirements in its service department.

29.    The Notice of Termination advised J&S that the Dealer Agreement would be terminated effective March 16, 2026, or 60 days from J&S's receipt of the Notice of Termination. The Notice of Termination further advised J&S of its post-termination obligations, including the obligation to cease all use of the Mitsubishi Marks and to comply with the termination-related provisions of the Dealer Agreement and Standard Provisions.

**D.    J&S Conducts Unauthorized Dealership Operations and Continues to Use Mitsubishi Marks Without Authorization After The Termination Date.**

30.    The termination of the Dealer Agreement became effective on March 18, 2026. At no time prior to or after that date did the Dealer Principal of J&S contact MMNA to advise that the deficiencies identified in the Notice of Termination and preceding Notices of Default had been cured or otherwise contact MMNA to address the deficiencies identified by MMNA in the Notice of Termination or the preceding Notices of Default.

31.    Following termination of the Dealer Agreement, J&S was no longer authorized to use the Mitsubishi trade names, trademarks, and trade dress or Mitsubishi Marks; represent itself as a Mitsubishi dealer; or display Mitsubishi signage at the Former Dealership Location.

32.    After the termination of the Dealer Agreement became effective, MMNA on March 23, 2026 delivered to J&S a Termination Repurchase Policy and Procedures Letter which provided written instructions governing the repurchase of eligible vehicles, signs, parts, and equipment in accordance with the Dealer Agreement and applicable law. Despite MMNA's repeated instructions, J&S has failed and refused to comply fully with its post-termination obligations.

16

33. Despite the termination of the Dealer Agreement taking effect on March 18, 2026, J&S continues to use the Mitsubishi trade names, trademarks, and trade dress, including the Mitsubishi Marks, at the Former Dealership Location under the trade name "J&S Mitsubishi," even though it is no longer authorized to do so.

34. Furthermore, despite MMNA's specifically directing in its post-termination procedures letter that J&S's website, https://jsmitsubishi.com/, was to be disabled on or before April 13, 2026, this website remains active, and prominently displays, among other things, the Mitsubishi Marks, the phrase "Mitsubishi Motors," and the name "J&S Mitsubishi" even though J&S is no longer an authorized Mitsubishi dealership.

35. J&S, through its website, https://jsmitsubishi.com/, conveys that the J&S Mitsubishi dealership remains open for business with listed hours for Sales, Service, and Parts.

36. The J&S website, https://jsmitsubishi.com/, also continues to list Mitsubishi vehicles as inventory available for sale to customers.

37. The J&S website, https://jsmitsubishi.com/, also retains an active "Schedule Service" function that utilizes the Mitsubishi Marks.

38. The continued registration and use of the <jsmitsubishi.com> domain name is in bad faith and without authorization from MMNA.

39. Despite MMNA's March 23, 2026 Termination Repurchase Policy and Procedures Letter stating that J&S's social media sites must be disabled on or before April 13, 2026, J&S Mitsubishi still retains active social media sites that use the name J&S Mitsubishi including on Facebook, Instagram, LinkedIn, and YouTube.

4902-8473-9238 v.2

40.    J&S's unauthorized performance of service work creates a safety and economic risk to the public as customers will likely believe that their vehicles are being repaired by an authorized Mitsubishi dealer, when they are not.

41.    Unauthorized dealers will not have timely access to the latest training updates and technical service bulletins, which may lead to safety issues, ineffectual repairs and customer dissatisfaction.

42.    Unauthorized dealers also do not have access to MMNA's technical support line, which will likely prevent them from successfully completing more challenging repairs.

43.    Moreover, unauthorized dealers do not have automatic and timely access to a Mitsubishi online platform that identifies safety recalls that may be in effect for Mitsubishi vehicles.  As a result, an unauthorized dealer may not be able to determine if any active recalls need to be performed on vehicles that customers bring in for ordinary service or maintenance. This represents a significant public hazard, potential economic waste to consumers, and creates adverse legal and reputational risk for MMNA.

44.    Because J&S is an unauthorized dealer, it does not have access to a secure online portal in which sales information is exchanged between authorized dealers and MMNA. As a result, if J&S continues to sell Mitsubishi vehicles, it cannot report any vehicle sales through the online portal, and MMNA will not have the records necessary to start warranty coverage for those Mitsubishi customers or contact them with service reminders and updates.

45.    Accordingly, J&S's unlawful acts are intentional and willful.

**COUNT I**
**BREACH OF CONTRACT**

46.    MMNA repeats and realleges each and every allegation in the preceding paragraphs of this Counterclaim as if fully set forth herein.

18

47.    The Dealer Agreement constitutes a valid, enforceable contract between MMNA and J&S.

48.    J&S breached the Dealer Agreement because it failed, upon termination of the Dealer Agreement, to (a) discontinue the use of the word "Mitsubishi" and all other MMNA Trademarks; (b) discontinue the use of the words "Mitsubishi" and the Mitsubishi Marks as part of its trade name; and (c) remove all product signs bearing any Mitsubishi intellectual property, including the Mitsubishi Marks, from the Former Dealership Location and online.

49.    J&S also breached the Dealer Agreement because, even though the Dealer Agreement was terminated effective March 18, 2026, it continues to represent itself as an authorized Mitsubishi dealer at the Former Dealership Location.

50.    MMNA has performed all of the duties and obligations it owed to Dealer under the Dealer Agreement.

51.    As a direct and proximate result of J&S's breaches of the Dealer Agreement, MMNA has suffered and continues to suffer damages, including loss of control over its brand and goodwill, harm to its reputation, exposure to legal and safety risks, and costs associated with investigation, enforcement, and remediation.

52.    MMNA is entitled to recover damages, equitable relief, and all other relief available under the Dealer Agreement and applicable law.

**COUNT II**
**UNFAIR COMPETITION – 15 U.S.C. § 1125(A)**

53.    MMNA repeats and realleges each and every allegation in the preceding paragraphs of this Counterclaim as if fully set forth herein.

54.    MMNA has operated in and throughout the United States since in or about 1981. MMNA's corporate name and its association with Mitsubishi brand motor vehicles and

19

Mitsubishi brand motor vehicle parts is known and recognized by consumers throughout the United States, and MMNA's rights in and to its name are entitled to protection as a result.

55. MMNA terminated the Dealer Agreement with J&S effective March 18, 2026.

56. Upon termination of the Dealer Agreement, J&S was required to cease all use of Mitsubishi Marks, remove of all Mitsubishi signage, discontinue use of any trade names incorporating "Mitsubishi" or "Mitsubishi Motors," and refrain from holding itself out as an authorized Mitsubishi dealer.

57. After termination on March 18, 2026, J&S continues to display and otherwise use the Mitsubishi IP, including the Mitsubishi Marks, and portions of MMNA's corporate name including "Mitsubishi" and "Mitsubishi Motors," at the Former Dealership Location, when it is no longer authorized to do so

58. Since March 19, 2026, by incorporating parts of MMNA's corporate name into its advertising for, and the trade name it uses to operate at the Former Dealership Location, J&S has wrongfully and without authorization traded upon and taken advantage of the recognition, goodwill, and business reputation that MMNA has developed in connection with its own name over years of effort.

59. J&S is not, and since March 18, 2026 has not been, authorized to use the Mitsubishi Marks or any trade name, trade dress, or representation suggesting affiliation with or authorization by MMNA.

60. As a former licensee, J&S's use of the Mitsubishi Marks after termination is willful and intended to and does cause, and will continue to cause, confusion, mistake, or deception as to the sponsorship or approval of J&S's commercial activities at the Former Dealership Location in that relevant consumers and others are likely to wrongly believe that

20

MMNA has sponsored, approved, or authorized J&S's commercial activities at the Former Dealership Location, or is in some other manner affiliated with J&S's commercial activities, all to MMNA's irreparable harm and injury.

61.    Due to the confusion as to the sponsorship or approval engendered by J&S, the valuable good will and business reputation associated with MMNA is at the mercy of J&S.

62.    J&S's acts and conduct complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.    J&S's unlawful actions have injured and will continue to injure MMNA irreparably.

**COUNT III**
**ANTICYBERSQUATTING CONSUMER PROTECTION ACT (ACPA),**
**15 U.S.C. § 1125(D)**

64.    MMNA repeats and realleges each and every allegation in the preceding paragraphs of this Counterclaim as if fully set forth herein.

65.    J&S's acts constitute cybersquatting under the ACPA, 15 U.S.C. § 1125(d).

66.    The Mitsubishi Marks are valid trademarks entitled to protection.

67.    The Mitsubishi Marks are distinctive and famous.

68.    J&S registered the domain <jsmitsubishi.com> (the "Domain Name"), and the Domain Name registered by J&S is confusingly similar to the Mitsubishi Marks.

69.    In a March 23, 2026 letter from MMNA to J&S titled Termination Repurchase Policy and Procedures, MMNA stated that on or before April 13, 2026, J&S will disable its Mitsubishi dealership website.

70.    As of April 14, 2026, the Domain Name remains active without authorization and is therefore no longer being used for legitimate purposes.

21

4902-8473-9238 v.2

71.    J&S has continued to use the Domain Name with full knowledge of MMNA's rights in the famous and distinctive Mitsubishi Marks and with knowledge that its authorization to use those marks was expressly terminated effective March 18, 2026. As a former authorized Mitsubishi dealer operating under a written Dealer Agreement that strictly governed the use of the Mitsubishi Marks, J&S was aware that it had no continuing rights to register, maintain, or use any domain name incorporating the Mitsubishi Marks following termination.

72.    J&S has no trademark, service mark, trade name, or other intellectual property rights in the term "Mitsubishi" or any confusingly similar designation, nor was J&S ever commonly known by the Domain Name apart from its former, now-terminated dealership relationship with MMNA. Since termination, J&S is required to change its trade name containing the Mitsubishi trademark. J&S's continued registration and use of the Domain Name does not constitute a bona fide offering of goods or services or a legitimate noncommercial or fair use of the Mitsubishi Marks.

73.    Following termination of the Dealer Agreement, J&S has continued to use the Domain Name to intentionally divert consumers seeking authorized Mitsubishi dealerships and services to J&S's business for commercial gain by creating a false and misleading association with MMNA and by implying that J&S remains an authorized Mitsubishi dealer, including through the display of the Mitsubishi Marks, the phrase "Mitsubishi Motors," dealer-style branding, listed sales and service hours, and active vehicle inventory listings.

74.    J&S's acts are in violation of the ACPA, 15 U.S.C. § 1125(d).

75.    J&S's acts have caused, and will continue to cause, irreparable damage, tarnishment, and injury to MMNA's business, reputation, and goodwill, for which MMNA has no adequate remedy at law.

22

76.     The nature of J&S's unauthorized use of the Mitsubishi Marks and the Domain Name without authorization shows that, unless restrained and enjoined, J&S will continue the unauthorized use of the Mitsubishi Marks and the Domain Name, and therefore will continue to cause irreparable damage and harm to MMNA.

77.     It is impossible to ascertain fully the amount of compensation that could afford MMNA adequate relief for such continuing acts and, therefore, MMNA's remedy at law is not adequate to compensate it for the injuries threatened.

**COUNT IV**
**VIOLATION OF N.J.S.A. § 56:4-1**

78.     MMNA repeats and realleges each and every allegation in the preceding paragraphs of this Counterclaim as if fully set forth herein.

79.     MMNA is the licensee of the well-known Mitsubishi name and Mitsubishi Marks, including the names "Mitsubishi" and "Mitsubishi Motors" and the Mitsubishi Three-Diamond Logo.

80.     The Mitsubishi Marks are distinctive, famous, and widely recognized by consumers throughout New Jersey and the United States as identifying vehicles, parts, and services originating from or authorized by MMNA.

81.     J&S is not, and since March 18, 2026, has not been, authorized to use the Mitsubishi Marks, Mitsubishi IP, or any trade name, trade dress, or representation suggesting affiliation with or authorization by MMNA.

82.     Despite termination of the Dealer Agreement, J&S has continued to operate at the Former Dealership Location and through digital platforms using the Mitsubishi Marks and "Mitsubishi Motors" in its trade name, signage, advertising, website, social media accounts, and customer communications.

23

4902-8473-9238 v.2

83.    J&S's continued use of the Mitsubishi Marks and Mitsubishi IP is likely to cause confusion, mistake, or deception as to the sponsorship, approval, authorization, or affiliation of J&S's business, products, and services with MMNA.

84.    J&S's conduct falsely represents that J&S remains an authorized Mitsubishi dealer and service provider, when in fact it is not.

85.    Upon information and belief, J&S knew of MMNA's rights in the Mitsubishi Marks and Mitsubishi IP, as well as its lack of authorization following termination of the Dealer Agreement, yet has intentionally continued such use.

86.    J&S's actions constitute unfair methods of competition and unfair and deceptive acts or practices in the conduct of trade and commerce in violation of the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1.

87.    As a direct and proximate result of J&S's unfair competition, MMNA has suffered and will continue to suffer damage to its business, goodwill, reputation, and relationships with consumers, including irreparable harm for which there is no adequate remedy at law.

88.    MMNA will continue to suffer irreparable injury unless J&S's unlawful conduct is enjoined immediately and permanently.

89.    MMNA is entitled to recover damages, disgorgement of J&S's unjust enrichment, injunctive relief, and all other relief available under N.J.S.A. § 56:4-2 and applicable law.

**COUNT V**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

90.    MMNA repeats and realleges each and every allegation in the preceding paragraphs of this Counterclaim as if fully set forth herein.

91.    MMNA is authorized to enforce valid and protectable trademark and service mark rights in the Mitsubishi Marks under New Jersey common law.

24

92.     The Mitsubishi Marks have acquired substantial goodwill and secondary meaning and are closely associated by consumers with MMNA and authorized Mitsubishi dealerships.

93.     J&S is not authorized to use the Mitsubishi Marks or Mitsubishi IP and has no license or permission to do so following termination of the Dealer Agreement.

94.     J&S has used and continues to use identical or confusingly similar Mitsubishi Marks in commerce, including in signage, trade names, websites, domain names, advertising, social media accounts, and customer interactions.

95.     J&S's unauthorized use of the Mitsubishi Marks is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, or affiliation of J&S's business and services.

96.     Upon information and belief, J&S adopted and continues its unauthorized use of the Mitsubishi Marks intentionally and in bad faith, with the purpose of trading on MMNA's goodwill and misleading consumers into believing J&S remains an authorized Mitsubishi dealer.

97.     J&S's conduct constitutes trademark infringement and unfair competition under the common law of the State of New Jersey.

98.     As a direct and proximate result of J&S's unlawful conduct, MMNA has suffered and will continue to suffer harm to its goodwill, reputation, and business relationships, including irreparable harm that cannot be adequately compensated by monetary damages alone.

99.     MMNA lacks an adequate remedy at law and is entitled to injunctive relief, damages, disgorgement of profits, and all other relief available under New Jersey common law.

## COUNT VI
## DECLARATORY RELIEF

100.    MMNA repeats and realleges each and every allegation in the preceding paragraphs of this Counterclaim as if fully set forth herein.

25

4902-8473-9238 v.2

101.    An actual, present, and justiciable controversy exists between MMNA and J&S regarding J&S's obligations under the Dealer Agreement and Standard Provisions following termination of the Dealer Agreement, including J&S's obligation to cease all use of the Mitsubishi Marks and to discontinue holding itself out as an authorized Mitsubishi dealer.

102.    The dispute between MMNA and J&S is substantial, definite, immediate, and concrete, and is evidenced by the parties' written correspondence, including the Notice of Default, the January 14, 2026 Notice of Termination, the post-termination repurchase communications, and J&S's filing of this action challenging the termination.

103.    J&S contends that MMNA improperly terminated the Dealer Agreement and disputes its ongoing post-termination obligations, while MMNA contends that termination was lawful, supported by good cause, and effected in compliance with the Dealer Agreement and applicable law.

104.    As a result of J&S's position and continued refusal to acknowledge MMNA's contractual rights, MMNA faces continuing uncertainty regarding its rights and obligations under the Dealer Agreement and concerning J&S's continued or threatened conduct relating to the Mitsubishi Marks and dealership representations.

105.    To resolve the legal and factual issues presented and to afford relief from the uncertainty and controversy created by J&S's conduct, MMNA seeks and is entitled to a declaratory judgment that:

a)    The Dealer Agreement terminated effective March 18, 2026; and

b)    J&S is contractually obligated to comply with all post-termination provisions of the Dealer Agreement and Standard Provisions, including the immediate cessation

26

4902-8473-9238 v.2

of all use of the Mitsubishi Marks and all representations of authorization by MMNA.

## PRAYER FOR RELIEF

WHEREFORE, with respect to its counterclaims, MMNA prays for judgment against J&S as follows:

A.    A declaratory judgment that:

1)    the Dealer Agreement terminated effective March 18, 2026;

2)    J&S has no continuing rights to use the Mitsubishi Marks, or any trade names, trade dress, domain names, or representations indicating authorization by or affiliation with MMNA; and

3)    J&S is obligated to comply fully with all post-termination provisions of the Dealer Agreement and Standard Provisions.

B.    A preliminary and permanent injunction prohibiting J&S, and all persons acting in concert with it, from:

1)    Using, displaying, reproducing, distributing, or otherwise exploiting the Mitsubishi Marks  or any confusingly similar marks or trade dress in any manner or medium;

2)    Using the names "Mitsubishi," "Mitsubishi Motors," or "J&S Mitsubishi" in any trade name, advertising, signage, customer communications, domain name, website, social media account, or business representation;

3)    Holding itself out, directly or indirectly, as an authorized Mitsubishi dealer, sales outlet, service center, warranty provider, or that J&S is otherwise affiliated with or authorized by MMNA;

27

4902-8473-9238 v.2

4)      Offering for sale, advertising, or servicing Mitsubishi vehicles in a manner suggesting authorization by MMNA; and

5)      Continuing to operate the website <jsmitsubishi.com> or any other internet platform that incorporates the Mitsubishi Marks or suggests affiliation with MMNA.

C.      An order requiring J&S to immediately disable and transfer or cancel all domain names incorporating the Mitsubishi Marks, including <jsmitsubishi.com>;

D.      An order requiring J&S to remove, cover, destroy, or surrender all signage, advertising, printed materials, digital assets, and other items bearing the Mitsubishi Marks or Mitsubishi IP, at J&S's sole cost and expense;

E.      An award of actual damages sustained by MMNA as a result of the harm and loss of goodwill and brand reputation resulting from J&S's conduct, which has diluted the strength of the Mitsubishi brand and confused customers;

F.      An accounting of all profits wrongfully obtained by J&S as a result of its unlawful and unfair conduct;

G.      An award of treble damages, statutory damages, and/or enhanced damages as permitted under the Lanham Act and other applicable law;

H.      An award of MMNA's reasonable attorneys' fees, costs, and expenses pursuant to 15 U.S.C. §§ 1117(a) and (d), the Dealer Agreement, and other applicable law, including on the basis that this is an exceptional case involving willful infringement and bad-faith conduct;

I.      With respect to MMNA's claims under 15 U.S.C. § 1125(d), that this Court issue an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the Court considers just, pursuant to 15 U.S.C. § 1117(d);

4902-8473-9238 v.2

J.      Pre-judgment and post-judgment interest as allowed by law; and

K.      Such other relief as the Court deems just and proper.

STEVENS & LEE, P.C.
*Attorneys for Defendant/Counterclaim-Plaintiff,*
*Mitsubishi Motors North America, Inc.*

By:   */s/ Ryan P. Mulvaney*
Ryan P. Mulvaney
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Tel.: (201) 857-6760
Ryan.Mulvaney@stevenslee.com

Brandon L. Bigelow*
William F. Benson*
NELSON MULLINS RILEY & SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: (617) 217-4700
Facsimile: (617) 217-4710
brandon.bigelow@nelsonmullins.com
bill.benson@nelsonmullins.com

John C. McElwaine*
NELSON MULLINS RILEY & SCARBOROUGH LLP
151 Meeting Street, Suite 600
Charleston, SC 29401
Telephone: (843) 853-5200
john.mcelwaine@nelsonmullins.com

**pro hac vice applications forthcoming*

Dated: May 6, 2026

29

4902-8473-9238 v.2

30

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 6, 2026, I electronically filed the foregoing document via the Court's CM/ECF system, and that participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that a copy of the foregoing document(s) was mailed via U.S. mail and emailed to the person listed below:

Timothy J. Broking, Esq.
Fox Rothschild LLP
49 Market Street
Morristown, New Jersey 07960
tbroking@foxrothschild.com
*Attorney for Plaintiff/Counterclaim-Defendant*

*/s/ Ryan P. Mulvaney*
Ryan P. Mulvaney

4902-8473-9238 v.2