**FOX ROTHSCHILD LLP**
Timothy J. Broking, Esq. (000172005)
49 Market Street
Morristown, New Jersey 07960
Telephone: 973.992.4800
*Attorneys for Plaintiff and Counterclaim Defendant,*
*Saliba Investment LLC d/b/a J&S Mitsubishi*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SALIBA INVESTMENT LLC d/b/a J&S MITSUBISHI,<br><br>Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>MITSUBISHI MOTORS NORTH AMERICA, INC.,<br><br>Defendant/Counterclaim-Plaintiff. | Case Number 3:26-cv-05112-GC-TJB<br><br>**CROSS MOTION OF SALIBA INVESTMENT LLC d/b/a J&S MITSUBISHI FOR A PRELIMINARY INJUNCTION AND IN OPPOSITION TO MITSUBISHI MOTORS NORTH AMERICA, INC'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and L.R. 65.1, plaintiff/counterclaim-defendant, Saliba Investment, LLC d/b/a J&S Mitsubishi ("J&S"), respectfully moves this Court for a preliminary injunction ordering that defendant/counterclaim-plaintiff, Mitsubishi Motors North America, Inc. ("MMNA"): (i) reinstate J&S as an authorized Mitsubishi dealer and to accord J&S all rights and privileges of a franchisee pending final disposition of this action; (ii) ordering that the January 14, 2026 Notice of Termination is void and unenforceable for failure to comply with *N.J.S.A.* § 56:10-5 and ordering MMNA to withdraw the Notice of Termination; (iii) enjoining MMNA from establishing, appointing, or authorizing any replacement dealer at or near J&S's dealership location at 1721 N. Olden Ave., Ewing, New Jersey

185729716.1

during the pendency of this litigation; and (iv) ordering such other and further relief as the Court

deems just and proper. In support of this Opposition and Cross-Motion, J&S states as follows:

1. J&S asserts claims under the New Jersey Franchise Practices Act ("FPA"), *N.J.S.A.* § 56:10-1 *et seq.*, including termination without good cause in violation of *N.J.S.A.* § 56:10-5, equitable estoppel and waiver, breach of the covenant of good faith and fair dealing, and breach of contract arising from MMNA's defective and pretextual termination of the Dealer Agreement.

2. MMNA's January 14, 2026 Notice of Termination was defective and failed to comply with the requirements of *N.J.S.A.* § 56:10-5.

3. On January 15, 2026, just one day after receiving the Notice of Termination, J&S's Dealer Principal, George Saliba, contacted MMNA's Regional Vice President, Jack Vossenberg, and advised that J&S had successfully completed the PHEV training, was submitting its allocation request for PHEV models, and would have all remaining staffing positions filled by January 23, 2026. MMNA's own Vossenberg Declaration incorrectly states that J&S never contacted MMNA regarding cure of the identified deficiencies.

4. On January 21, 2026, just seven days after the Notice of Termination, MMNA issued a separate Notice of Material Breach citing entirely different grounds from the Notice of Termination and affording J&S a six-month cure period. The Notice of Material Breach made no reference to the Notice of Termination. This contradictory course of conduct caused J&S to reasonably believe the termination had been superseded or withdrawn and led J&S not to file a formal protest within the statutory deadlines.

5. MMNA is estopped from enforcing the Notice of Termination because its issuance of the contradictory January 21, 2026 Notice of Material Breach, which by its terms contemplated

2

185729716.1

that J&S remained a dealer with an opportunity to cure, is fundamentally inconsistent with a simultaneous claim that the Dealer Agreement was being terminated.

6. MMNA's conduct constituted an implied waiver of the termination.

7. One of MMNA's primary grounds for termination was J&S's alleged inability to sell Outlander PHEV vehicles. Recently, J&S received a communication from a competing Mitsubishi dealer that seems to indicate that a MMNA executive attempted to facilitate J&S' sale of its in-stock Outlander PHEV units. That MMNA's own executive facilitated a competitor's effort to acquire J&S's PHEV inventory confirms the termination grounds were pretextual and that J&S had cured the deficiency as asserted in the Notice of Termination.

8. J&S is highly likely to succeed on the merits of its claims because: (a) the Notice of Termination was defective under *N.J.S.A.* § 56:10-5; (b) MMNA is estopped from enforcing the termination due to its contradictory conduct; (c) MMNA will be unable to prove "good cause" for the termination; and (d) MMNA's stated grounds for termination are pretextual.

9. J&S is suffering irreparable harm as a result of the purported termination. Each day that J&S is deprived of its franchise rights, it loses customer goodwill, business relationships, and the ability to serve its community as an authorized Mitsubishi dealer, which cannot be adequately compensated by money damages.

10. The balance of equities favors a grant of injunctive relief because J&S seeks only to maintain the franchise relationship that existed for nearly a decade and to which it is entitled under New Jersey law. MMNA, by contrast, will suffer no harm from being

3

185729716.1

required to honor its obligations under a Dealer Agreement that was never lawfully terminated.

11. Issuance of a Preliminary Injunction is consistent with the public interest because it will preserve the established franchise relationship, ensure consumers in Ewing, New Jersey continue to have access to authorized Mitsubishi sales and service, and vindicate the legislative policy of the FPA protecting franchisees from overreaching conduct by franchisors.

WHEREFORE, for the reasons set forth more fully in J&S's accompanying Memorandum of Law, supporting Certification of George Saliba, and proposed form of Order, J&S respectfully requests that this Court enter an Order:

A. Granting J&S's Cross-Motion for a Preliminary Injunction;

B. Issuing a Preliminary Injunction, ordering and directing MMNA as follows:

i. Reinstating J&S as an authorized Mitsubishi dealer under the Dealer Agreement and according J&S all rights and privileges of a franchisee, including access to MMNA's dealer systems, ordering portals, warranty reimbursement systems, training resources, and technical service bulletins;

ii. Treating the Dealer Agreement as being in full force and effect during the pendency of this action, including the timely payment of incentives and warranty claims to J&S as they become due and owing;

iii. Refraining from appointing, authorizing, establishing, or permitting any replacement Mitsubishi dealer to operate at or within J&S's Sales Locality, including at or near 1721 N. Olden Ave., Ewing, New Jersey, during the pendency of this litigation;

185729716.1

iv. Refraining from taking any further action to enforce the January 14, 2026 Notice of Termination, including any repurchase, de-branding, or sign removal demands, pending resolution of this action; and

vi. Refraining from taking any retaliatory action against J&S for exercising its rights under the FPA or pursuing this litigation.

C. Requiring J&S to post a bond for a nominal sum of $5,000, or no bond at all, as security for this Injunction, pursuant to Rule 65(c); and

D. Granting such other and further relief as the Court deems just and proper.

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff/Counterclaim Defendant, Saliba Investment, LLC d/b/a J&S Mitsubishi*

By:    /s/   *Timothy J. Broking*
Timothy J. Broking, Esq.

Dated: May 22, 2026

5

185729716.1