**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SALIBA INVESTMENT LLC d/b/a J&S MITSUBISHI,<br><br>        Plaintiff/Counterclaim-Defendant,<br><br>        v.<br><br>MITSUBISHI MOTORS NORTH AMERICA, INC.,<br><br>        Defendant/Counterclaim-Plaintiff. | Case Number 3:26-cv-05112-GC-TJB<br><br>**ANSWER TO COUNTERCLAIMS OF DEFENDANT MITSUBISHI MOTORS NORTH AMERICA, INC.** |

Plaintiff/Counterclaim-Defendant, Saliba Investment, LLC d/b/a J&S Mitsubishi ("J&S"), by and through its attorneys, Fox Rothschild LLP, hereby submits this Answer to the Counterclaims of Defendant/Counterclaim-Plaintiff, Mitsubishi Motors North America, Inc. ("MMNA"), and responds to the numbered paragraphs of MMNA's Counterclaims as follows:

**RESPONSES TO COUNTERCLAIM ALLEGATIONS**

1. Admit that J&S was an authorized Mitsubishi dealer operating pursuant to the Dealer Agreement dated January 16, 2024. Denied that J&S breached the Dealer Agreement. Denied that MMNA properly exercised its right to terminate. Denied the characterization that the termination was effective March 18, 2026, to the extent the termination is contested by J&S's Complaint.

2. Denied.

3. Denied.

4. Admit that the Dealer Agreement authorized J&S to operate at 1721 N. Olden Ave., Ewing, New Jersey, and to use certain Mitsubishi trade names, trademarks, and trade dress. Denied that the Dealer Agreement has been validly terminated.

5. Denied.

6. Denied.

1

7.    J&S lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.    Admit.

9.    Admit that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

10.    Admit that this Court has subject matter jurisdiction. Denied to the extent this paragraph characterizes MMNA's counterclaims as meritorious.

11.    Admit this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a). Denied to the extent this paragraph characterizes the counterclaims as meritorious.

12.    Admit that venue is proper in this district.

13.    Admit that MMNA distributes Mitsubishi brand motor vehicles through a dealer network. Lacks sufficient knowledge or information as to the date MMNA began operating to admit or deny the same.

14.    Lacks sufficient knowledge or information to admit or deny the details of MMNA's trademark registrations and licensing arrangements.

15.    Admit that MMNA authorizes dealers to sell and service Mitsubishi vehicles and provide warranty service under Dealer Agreements.

16.    Admit that MMNA authorizes dealers to use Mitsubishi trade names and trademarks as part of the Dealer Agreement.

17.    Admit that MMNA and J&S entered into a series of Dealer Agreements and that the current agreement was dated January 16, 2024. Denied the characterization "current" to the extent MMNA claims the agreement has been validly terminated.

18.    Admit that the Dealer Agreement authorized J&S to operate at 1721 N. Olden Ave., Ewing, NJ 08638. However, denied to the extent that the location is characterized as a "Former Dealership Location."

19.    Admit that the Dealer Agreement contains the referenced provisions.

20.    Admit.

21.    Admit.

22.    Admit.

23.    Admit that the Dealer Agreement contains the referenced provisions regarding post-termination obligations. Denied that these provisions are enforceable to the extent the termination itself was wrongful and void.

24.    Denied.

25.    Denied.

26.    Admit that MMNA issued a written notice dated August 5, 2025. Denied the characterization of J&S's conduct contained therein.

27.    Admit that MMNA issued a written notice dated October 20, 2025. Denied the characterization of J&S's conduct contained therein.

28.    Admit that MMNA issued a Notice of Termination dated January 14, 2026. Denied that J&S failed to cure the alleged defaults.

29.    Admit that the Notice of Termination stated the Dealer Agreement would be terminated effective sixty (60) days from receipt. Denied the remainder of the allegations contained in this paragraph.

30.    Denied.

31.    Denied to the extent this paragraph presumes a valid termination.

32.    Admit that MMNA delivered a Termination Repurchase Policy and Procedures Letter dated March 23, 2026. Denied the remaining characterizations.

33.    Denied.

34.    Admit that the website jsmitsubishi.com remained active.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Admit that social media sites remained active. Denied that they are unauthorized.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    J&S repeats, realleges, and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

47.    Admit.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    J&S repeats, realleges, and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

54.    Lacks sufficient knowledge or information as to when MMNA began operating to admit or deny the same.

55.    Denied to the extent this paragraph presumes a valid termination.

56.    Admit that the Dealer Agreement contains post-termination obligations. Denied that such obligations are enforceable given the wrongful termination.

57.    Denied.

58.    Denied.

59.    Denied to the extent this paragraph presumes a valid termination.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    J&S repeats, realleges, and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

65.    Denied.

66.    Lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

67.    Lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

68.    Admit that J&S registered the domain jsmitsubishi.com. Denied the remaining characterizations.

69.    Admit that MMNA sent the referenced letter. Denied the remaining characterizations.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    J&S repeats, realleges, and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

79.    Lacks sufficient knowledge or information regarding MMNA's licensee status to admit or deny the allegations contained in this paragraph.

80.    Lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

81.    Denied to the extent this paragraph presumes a valid termination.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    J&S repeats, realleges, and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

91.    Lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

92.    Lacks sufficient knowledge or information to admit or deny the allegations contained in this paragraph.

93.    Denied to the extent this paragraph presumes a valid termination.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    J&S repeats, realleges, and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

101.    Admit that a controversy exists between the parties. Denied MMNA's characterization of J&S's obligations.

102.    Admit that a dispute exists between the parties. Denied MMNA's characterization.

103. Admit that J&S contends MMNA improperly terminated the Dealer Agreement. Denied MMNA's contention that the termination was lawful.

104. Denied.

105. Denied that MMNA is entitled to the declaratory judgment it seeks.

## J&S AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

MMNA's counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

MMNA's claims are barred by the doctrine of unclean hands because MMNA's own wrongful conduct, including terminating the Dealer Agreement without good cause and issuing contradictory notices, precludes it from seeking equitable relief.

### THIRD DEFENSE

MMNA waived any right to enforce post-termination obligations by issuing the January 21, 2026 Notice of Material Breach, which afforded J&S a six-month cure period and was fundamentally inconsistent with the January 14, 2026 Notice of Termination.

### FOURTH DEFENSE

MMNA is estopped from enforcing the termination and related post-termination obligations because J&S justifiably relied on MMNA's contradictory representations, including the Notice of Material Breach and its six-month cure period.

## FIFTH DEFENSE

MMNA's termination of the Dealer Agreement was without good cause in violation of the New Jersey Franchise Practices Act, N.J.S.A. § 56:10-5, and thus any obligations arising from such wrongful termination are unenforceable.

## SIXTH DEFENSE

MMNA failed to mitigate its alleged damages, if any.

## SEVENTH DEFENSE

MMNA's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH DEFENSE

J&S reserves the right to assert additional affirmative defenses as may become available through discovery or further investigation of the facts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Counterclaim-Defendant Saliba Investment, LLC d/b/a J&S Mitsubishi respectfully requests that this Court:

(a)    Dismiss MMNA's Counterclaims in their entirety with prejudice;

(b)    Deny each and every form of relief requested by MMNA in its Counterclaims;

(c)    Award J&S its reasonable attorneys' fees and costs incurred in defending against MMNA's Counterclaims;

(d)    Grant such other and further relief as this Court deems just and proper.

8

**FOX ROTHSCHILD LLP**

Attorneys for Plaintiff/Counterclaim-Defendant

By:     s/ *Timothy J. Broking*

Timothy J. Broking, Esq.
Attorney No.: 000172005
49 Market Street
Morristown, New Jersey 07960
Tel: 973-548-5055
tbroking@foxrothschild.com

Dated: July 15, 2026

9

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2026, a true and correct copy of the foregoing Answer to Counterclaims was served upon all counsel of record via the Court's CM/ECF electronic filing system.


s/ _Timothy J. Broking_
Timothy J. Broking, Esq.

187437939.1